UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | MAG. NO. 20-40 (RMM) |
| | : | CRIM NO. 20-CR-69 (JEB) |
| WILLIAM TOLSON, | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

At the initial appearance on March 9, 2020, the government orally moved for detention pending trial pursuant to the above-referenced provision of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Thursday, March 12, 2020. On March 11, 2020, the grand jury returned an indictment charging the defendant with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1).

### II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."

18 U.S.C. § 3142(f).  The parties may proceed by way of proffer and hearsay is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  See 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community.   Therefore, the defendant should be detained.  See 18 U.S.C. § 3142(e)(1).

  **A.** **Nature and Circumstances of the Offenses Charged**

The first factor, the nature and circumstances of the offense charged ways in favor of detention. On Friday, March 6, 2020, at approximately 7:20 p.m., Lieutenant Brown of the Metropolitan Police Department (MPD) Fifth District observed a green Ford Explorer bearing Virginia registration UWU1026 in the 1700 block of Benning Road Northeast in Washington, D.C. Lt. Brown observed the vehicle make an illegal U-turn at the intersection and travel westbound in

the 1600 block of Benning Road Northeast. Lt. Brown observed that the vehicle had no headlights on and it was past dusk. Lt. Brown attempted a traffic stop on the vehicle in the 1600 block of Benning Road Northeast at which time the vehicle did not stop and turned into the parking lot at 1500 Benning Road Northeast.

The green Ford backed into a parking spot and Lt. Brown approached the vehicle from the front, activating his vehicle emergency equipment. The driver and sole occupant of the green Ford was a black male, later identified as William Tolson (Defendant Tolson), quickly exited the vehicle and shut the door behind him. Lt. Brown directed Defendant Tolson to get back into his vehicle, which Defendant Tolson refused to do. At that time, Lt. Brown observed a weapon on the person of Defendant Tolson and detained him. A knife was recovered via protective pat down.

Lt. Brown smelled an odor consistent with that of an alcoholic beverage emanating from Defendant Tolson's person and noted that he had slurred speech. Lt. Brown inquired on whether or not he had been drinking to which Defendant Tolson replied, "Yes. I had one drink." Lt. Brown observed a bottle of an alcoholic beverage in the vehicle that was driven by Defendant Tolson through the window. Officer Martin, while assisting Lt. Brown, observed a glass cup with a small amount of brown liquid in it. Lt. Brown requested assistance for a Standard Field Sobriety Test from a Fifth District officer.

Based on the observations of the bottle of alcohol and the glass cup with brown liquid in it, a search for additional evidence regarding the offense of driving under the influence was conducted on the green Ford driven and solely occupied by Defendant Tolson. Officer Martin proceeded to gain access to the vehicle by inserting her department issued asp baton through the partially open front passenger door window in order to unlock the vehicle. Upon searching the

vehicle, Lt. Brown discovered a black firearm between the center console and the driver's seat of the vehicle.

Officer Calgagno responded to the scene to administer the Standard Field Sobriety Test, which Defendant Tolson voluntarily agreed to take. Defendant Tolson showed all six (6) clues during the Horizontal Gaze Nystagmus Test, when only four (4) are needed to show to determine impairment.

A WALES/NCIC check of Defendant Tolson revealed that he did not have a license to operate a motor vehicle.

Defendant Tolson was placed under arrest for Possession of a Large Capacity Ammunition Feeding Device, Possession of an Unregistered Firearm, Possession of Unregistered Ammunition, Possession of an Open Container of Alcohol, Receiving Stolen Property, No Permit and Driving under the Influence. At the MPD Fifth District Police Station, Defendant Tolson refused to submit to a chemical breath test. Due to his intoxication level, Defendant Tolson was not interviewed by law enforcement.

The firearm was determined to be a Taurus, model PT92AF, 9 millimeter handgun with a serial number of TFU79709.  When it was recovered, it was loaded with one (1) round in the chamber and eighteen (18) rounds in an eighteen (18) round capacity magazine. A WALES/NCIC check of the firearm revealed that it was reported stolen out of Paulding County, Georgia in 2016.

A criminal history check of Defendant Tolson through the National Crime Information Center confirmed that the defendant has a prior felony conviction in the US District Court for the Eastern District of Virginia, Criminal Case No. 10 CR 104-001 for Felon in Possession of a Firearm. The defendant was sentenced to twenty-eight (28) months in the Bureau of Prisons for

this conviction. Additionally, the defendant has a prior felony conviction in the Circuit Court of Anne Arundel County, Maryland, Criminal Case No. 02K04000551 for Uttering False Documents. The defendant was sentenced to eighteen (18) months for this conviction. Therefore, the defendant was aware that these crimes are punishable by more than one year.

There are no firearms or ammunition manufacturers in the District of Columbia, therefore the firearm and ammunition in this case would have traveled in interstate commerce.

According to the government's evidence the defendant was driving drunk on a public roadway, without a license, while in possession of a stolen firearm loaded with an extended magazine. The defendant did so while being prohibited from possessing a firearm.

### B. Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is quite strong. The defendant was the sole occupant and registered owner of the vehicle in which the firearm was found. The firearm was located next to the driver seat where the defendant had been sitting just prior to police officers stopping him.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. The defendant has a considerable criminal history. The defendant's criminal conduct has remained undeterred as this is his second offense involving unlawful possession of a firearm. The defendant also has a history of violent and controlled substances offenses. The defendant has the following prior convictions:

- Receiving Stolen Property (Washington, D.C., 2013)

- Driving While Impaired by Alcohol (Silver Spring, MD, 2014)
- Felon in Possession of a Firearm (Falls Church, VA, 2010)
- Possession of an Open Container of Alcohol (Washington, D.C., 2006)
- Uttering (Anne Arundel County, MD, 2004)
- Uttering (Anne Arundel County, MD, 2004)
- Conspiracy to Manufacture a Controlled Substance- Narcotics (St. Mary's County, MD 2004)
- Distribution of Marijuana (Washington, D.C., 2001)
- Armed Robbery (Washington, D.C., 1996)

The government further directs the Court's attention to additional information contained on page 7 of the defendant's Pretrial Services Agency report, which is relevant to the Court's bond analysis in this matter. The government submits that the defendant should not be released.

**D.     Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. At the time of the charged offense, the defendant was prohibited from possessing a firearm due to his multiple prior felony convictions. At the time of this offense, the defendant had a pending No Permit charge in traffic court in Washington, D.C. stemming from an arrest on December 9, 2019. Presumably, a condition of release in that case was that the defendant refrain from driving without a license. Despite the pending traffic case, the defendant again got behind the wheel of a car and this time did so while impaired and possessing a loaded gun. Both driving a car and possessing a loaded firearm while intoxicated are extremely dangerous. Thus, the government submits that the defendant presents a clear danger to the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

                                      TIMOTHY J. SHEA
                                      United States Attorney
                                      D.C. Bar No. 437437

By:    **/S/ *Nicole McClain***
            **NICOLE MCCLAIN**
            Assistant United States Attorney
            D.C. Bar No. 1029759
            555 4th Street, N.W.
            Washington, D.C. 20530
            (202) 252-7848
            Nicole.McClain@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Carlos Vanegas via the Electronic Case Filing (ECF) system, this 11th day of March, 2020.

                                      /s/ *Nicole McClain*
                                      Nicole McClain
                                      Assistant United States Attorney